TOWNSHIP OF PIERSON v. TOWNSHIP BOARD OF REYNOLDS.

*Division of townships—Contribution—Railroad aid bonds—Estoppel by judgment*

One township is not authorized to bind another which has been set off from it in any proceeding upon a cause of action which arose before the division; and the latter township is not bound if it is not a party to the judgment.

A party to a judgment is precluded by it from going behind it to dispute the grounds on which it was rendered.

In any proceeding for contribution between townships, one of which has been set off from another, the inquiry must always involve the actual existence and binding character of the obligation as existing at the time of the division.

Where railroad aid bonds were voted by a township with a condition precedent to their delivery that the road should not only be in running order but an equivalent amount of the company's stock should be delivered to the township treasurer, and before this was done a new township was set off from the one which voted the bonds. it was *held* that until this exchange there was no contract relation with the company, and that even if the bonds had been valid a judgment against the old township for the amount could not bind the new township.

MANDAMUS. Submitted October 3. Denied October 11.

*Clark H. Gleason, McGeorge Bundy, J. W. Champlin* and *J. C. FitzGerald* for relator.

*A. P. Thomas* and *C. C. Ellsworth* for respondent.

CAMPBELL, J. A mandamus is sought to compel a meeting of the township board of Reynolds jointly with the township board of Pierson (of which township of Pierson the township of Reynolds once formed a part) to apportion certain alleged liabilities of the old town which it is claimed should be divided between the two townships, but which have never been so divided.

The claim in question arises immediately out of the existence of certain judgments against the town of Pierson, ren-

dered in the United States circuit court for the western district of Michigan on bonds known as railroad aid bonds, issued by the township of Pierson to the Grand Rapids & Indiana Railroad Company. The vote for giving these bonds was had in January, 1868, and the new township was organized in March, 1869. It is insisted that the vote in question created a liability against the entire territory which should be contributed to by the new township, although the township of Pierson is the only one liable to the creditors.

It is not disputed that any legal liability existing against the township of Pierson in March, 1869, at the date of the division, should be apportioned. But it is claimed by respondents that no such liability has been made out.

It cannot be seriously urged that a judgment to which the township of Reynolds was not a party, is of no intrinsic force against that township. There is no principle of law which authorizes one township to bind another in any way. It is not doubted that the township of Pierson is precluded by such a judgment from going behind it to dispute the grounds on which it was rendered. But it would not, under our laws, be competent for that township to represent the township of Reynolds in any litigation. Our statutes, when a town is divided, do not give the original township any power to act for the whole territory. The inquiry in any proceeding for contribution must always involve the actual existence and binding character of the obligation as existing at the time of the division.

The decision in the case of *People v. Township Board of Salem* 20 Mich. 452, holds that such bonds as are claimed to have been issued in this case are not legal liabilities, and did not bind the township. But beyond this the record also shows that the bonds were never in fact issued until after the division of the township. The vote given in January, 1868, required as a condition precedent to the delivery of the bonds not only the completion and running condition of the railroad, but also the delivery to the township treasurer of an equivalent amount, dollar for dollar, of the stock of the company. No contract relations appear to have been

49 Mich.—15

entered into with the railroad company until after the road was in running order, which was not until June, 1869. Until that time the bonds remained in the hands of the town officers, and the exchange of stock for bonds is the first transaction shown by the record between the town and the company. Neither the law nor the vote provided for any rights in the railroad company without a contract, and no such contract was made, so far as this record shows. It follows, therefore, that the transaction which the court rendering the judgment regarded as a binding agreement was itself subsequent in date to the organization of the township of Reynolds, and if valid could not bind the latter township.

We do not think there is any foundation for the application before us, and the writ must be denied. We do not deem it necessary to consider the minor questions arising out of the state of the record.

The other Justices concurred.